J-S28041-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JABREE MCKINZIE MCCREADY | : | |
| | : | |
| Appellant | : | No. 2688 EDA 2023 |

Appeal from the Order Entered September 12, 2023
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-51-CR-0007891-2012

BEFORE: STABILE, J., MURRAY, J., and LANE, J.

MEMORANDUM BY LANE, J.: **FILED OCTOBER 18, 2024**

Jabree McKinzie McCready ("McCready") appeals *pro se* from the order dismissing his second petition filed pursuant to the Post Conviction Relief Act.[1] We affirm.

In 2014, a jury convicted McCready of third-degree murder for stabbing his mother to death. This Court affirmed the judgment of sentence on August 16, 2016. *See Commonwealth v. McCready*, 156 A.3d 338 (Pa. Super. 2016) (unpublished memorandum). McCready did not seek further review by the Pennsylvania Supreme Court.

McCready filed a timely *pro se* PCRA petition, and the PCRA court appointed counsel who thereafter filed a motion to withdraw from representation and a "no-merit" letter pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d

_____

[1] *See* 42 Pa.C.S.A. §§ 9541-9546.

213 (Pa. Super. 1988) (*en banc*). Ultimately, the PCRA court granted counsel's motion to withdraw, issued a Pa.R.Crim.P. 907 notice of its intent to dismiss the petition without an evidentiary hearing, and thereafter dismissed the petition in 2018. McCready did not appeal from the dismissal order.

On May 16, 2022, McCready filed a *pro se* petition for writ of *habeas corpus* wherein he raised claims of ineffective assistance of counsel and illegality of sentence. The PCRA court treated McCready's filing as an untimely second PCRA petition.[2] The court subsequently appointed PCRA counsel who, in lieu of filing an amended PCRA petition, filed a motion to withdraw from representation and a **Turner/Finley** "no-merit" letter. In response, McCready filed a *pro se* motion for the appointment of new counsel. The PCRA court granted counsel's motion to withdraw, denied McCready's motion for the appointment of new counsel, and issued a Rule 907 notice of its intent to dismiss the petition without an evidentiary hearing. McCready filed a *pro se* response to the Rule 907 notice. On September 11, 2023, the PCRA court

_____

[2] It is well-settled that the PCRA is intended to be the sole means of achieving post-conviction relief. **See** 42 Pa.C.S.A. § 9542; **see also Commonwealth v. Haun**, 32 A.3d 697, 699 (Pa. 2011). Accordingly, unless the PCRA cannot provide for a potential remedy, the PCRA subsumes the writ of *habeas corpus*. **See Commonwealth v. Fahy**, 737 A.2d 214, 223-24 (Pa. 1999). Stated differently, a defendant cannot escape the PCRA's time-bar by titling his petition or motion as a writ of *habeas corpus*. **See Commonwealth v. Taylor**, 65 A.3d 462, 466 (Pa. Super. 2013). Here, because the issues raised in McCready's writ of *habeas corpus* are cognizable under the PCRA, the court's treatment of the writ as a second PCRA petition was proper. **See** 42 Pa.C.S.A. § 9543(a)(2)(ii), (vii).

issued an order dismissing the petition. McCready filed a timely notice of appeal, and both he and the PCRA court complied with Pa.R.A.P. 1925.

McCready raises the following issues for our review:

1. Did lower [court] have jurisdiction to grant defense counsel's motion to dismiss, on same date [McCready] was provided rule 907 20[-]day notice of dismissal of PCRA or *habeas corpus* action?

2. Did lower [court] deny [McCready] due process right to object to defense counsel's request to withdraw, when rule 904 provide effective assistance throughout PCRA and appeal proceedings?

3. Did lower [court] issue ambiguous orders by including *habeas corpus* in it's [*sic*] final orders?

McCready's Brief at 5.

Our standard of review of an order dismissing a PCRA petition is well-settled:

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. Further, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary.

**Commonwealth v. Ford**, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

Prior to reaching the merits of his issues, we must first determine whether this Court has jurisdiction to do so. Under the PCRA, any petition, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence becomes final. *See* 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of Pennsylvania, the expiration of time for seeking such review, or upon the waiver of a defendant's appellate rights. *See* 42 Pa.C.S.A. § 9545(b)(3); *see also **Commonwealth v. Anderson***, 450 A.2d 1011, 1014 (Pa. Super. 1982) (holding that a sentence becomes final when a defendant waives his right to appellate review). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. ***See Commonwealth v. Albrecht***, 994 A.2d 1091, 1093 (Pa. 2010).

On August 16, 2016, this Court affirmed the judgment of sentence imposed following McCready's conviction for third-degree murder. ***See McCready***, 156 A.3d 338 (unpublished memorandum). Because McCready did not petition the Pennsylvania Supreme Court for review, his judgment of sentence became final thirty days later, on September 15, 2016. *See* 42 Pa.C.S.A. § 9545(b)(3). As a result, McCready had one year from that date, until September 15, 2017, to timely file a PCRA petition. *See* 42 Pa.C.S.A. §

9545(b)(1). As the instant second petition was filed on May 16, 2022, it is facially untimely.

Nevertheless, Pennsylvania courts may consider an untimely PCRA petition if the petitioner explicitly pleads and proves one of three exceptions set forth under section 9545(b)(1). These exceptions are as follows:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke one of these exceptions "shall be filed within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2). Our Supreme Court has emphasized that "it is the petitioner who bears the burden to allege and prove that one of the timeliness exceptions applies." *Commonwealth v. Marshall*, 947 A.2d 714, 719 (Pa. 2008) (citation omitted).

The PCRA court determined that it lacked jurisdiction to review the merits of McCready's claims because his petition was untimely filed, and he failed to plead or prove any exception to the PCRA's one-year time bar. *See* PCRA Court Opinion, 11/21/23, at 2, 20-21 (holding that because McCready

did not plead any exception to the PCRA's one-year time bar in his petition, the court did not have jurisdiction to adjudicate the merits of his issues). Accordingly, the PCRA court dismissed McCready's petition.

After careful review of the record, we similarly conclude that McCready's petition was facially untimely, and he failed to plead or prove any exception to the PCRA's one-year time bar. As a result, neither this Court nor the PCRA court have jurisdiction to consider the merits of his issues. *See Commonwealth v. Cox*, 146 A.3d 221, 231 (Pa. 2016) (holding that where a petition is untimely and the petitioner has failed to satisfy an exception to the PCRA's time bar, "no court could have jurisdiction to reach the merits of the issue[s] . . . raised therein"). Accordingly, we affirm the PCRA court's dismissal order.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/18/2024